Heather B. Dillion (SBN 292156)
JACKSON LEWIS P.C.
200 Spectrum Center Drive, Suite 500
Irvine, CA 92618
Telephone:  (949) 885-1360
Facsimile:   (949) 885-1380
Email:       heather.dillion@jacksonlewis.com

Gabriella S. Han (SBN 322932)
JACKSON LEWIS P.C.
225 Broadway, Suite 1800
San Diego, CA 92101
Telephone:  (619) 573-4900
Facsimile:   (619) 573-4901
Email:       gabriella.han@jacksonlewis.com

Attorneys for Defendants
THERMO FISHER SCIENTIFIC INC., AND
ADRIAN MOORES

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| HEIDI BRUNELL, an Individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THERMO FISHER SCIENTIFIC; ADRIAN MOORES, an individual and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No. 25CU011824C<br><br>[Assigned to Hon. Michael Smyth]<br><br>**DEFENDANTS THERMO FISHER SCIENTIFIC INC. AND ADRIAN MOORES' ANSWER TO PLAINTIFF HEIDI BRUNELL'S UNVERIFIED COMPLAINT**<br><br>Date Filed:　　　March 6, 2025<br>Trial Date:　　　Not Set |

Defendants THERMO FISHER SCIENTIFIC INC. and ADRIAN MOORES ("Defendants") on behalf of themselves and for no others, hereby respond to the unverified Complaint for Damages ("Complaint") filed by Plaintiff HEIDI BRUNELL ("Plaintiff") and pleads as follows:

///

1

**DEFENDANTS THERMO FISHER SCIENTIFIC INC. AND ADRIAN MOORES' ANSWER TO PLAINTIFF HEIDI BRUNELL'S UNVERIFIED COMPLAINT**

## GENERAL DENIAL

Pursuant to the California Code of Civil Procedure section 431.30(d), Defendants deny generally and specifically each and every allegation contained in the Complaint and deny that Plaintiff has suffered any injury or been damaged in any sum whatsoever.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's Complaint and the causes of action alleged therein, and to each of them, and without conceding that Defendants bear the burden of proof or the burden of persuasion as to any one of them, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Arbitration Agreement)

1.     The Complaint, or any purported cause of action therein, is subject to mandatory grievance and/or mandatory and binding arbitration pursuant to Plaintiff's signed arbitration agreement, and Defendants do not, by answering this Complaint, waive their right to arbitration of these claims.

## SECOND AFFIRMATIVE DEFENSE

### (Failure To State a Cause of Action)

2.     Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

3.     Any recovery on Plaintiff's Complaint is barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to, Labor Code sections 201, 203(b), and 226.7; California Code of Civil Procedure sections 335.1, 338, 343; and California Government Code sections 12940, 12960, and 12965.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

4.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff failed to exhaust her administrative remedies.

**DEFENDANTS THERMO FISHER SCIENTIFIC INC. AND ADRIAN MOORES' ANSWER TO PLAINTIFF HEIDI BRUNELL'S UNVERIFIED COMPLAINT**

**FIFTH AFFIRMATIVE DEFENSE**

**(Workers' Compensation Preemption)**

5.    To the extent Plaintiff's Complaint alleges emotional or physical injury, this Court lacks jurisdiction, and any recovery is barred by the exclusivity of remedy under the California Workers' Compensation Act, Labor Code § 3600 et seq.

**SIXTH AFFIRMATIVE DEFENSE**

**(Res Judicata/Collateral Estoppel)**

6.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred, in whole or in part, by the doctrines of *res judicata* or collateral estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence)**

7.    To the extent discovery may disclose information which serves as a separate or additional basis for the termination of Plaintiff's employment, Plaintiff is barred from recovery any damages, or any recovery must be reduced, by the after-acquired evidence doctrine.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Equitable Doctrines)**

8.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred, under the equitable doctrines of consent, waiver, estoppel, and/or unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

9.    Plaintiff is barred from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate her alleged damages.

**TENTH AFFIRMATIVE DEFENSE**

**(Offset)**

10.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendants are entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed by Defendants under the doctrine prohibiting double recovery set forth by *Witt v. Jackson* (1961) 57 Cal.2d 57 and its progeny.

3

**DEFENDANTS THERMO FISHER SCIENTIFIC INC. AND ADRIAN MOORES' ANSWER TO PLAINTIFF HEIDI BRUNELL'S UNVERIFIED COMPLAINT**

## ELEVENTH AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional)

11.    Plaintiff may not recover punitive damages from Defendants because any award of punitive damages would violate Defendants' constitutional rights under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

## TWELFTH AFFIRMATIVE DEFENSE

### (Mixed Motive/Same Decision)

12.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred, in whole or in part, because, assuming *arguendo* that discriminatory and/or retaliatory reasons had been a substantial motivating factor in any employment decisions toward Plaintiff, legitimate, non-discriminatory business reasons were also substantial motivating factors for taking any such adverse employment action against Plaintiff, and Defendants would have made the same employment decisions toward Plaintiff without any regard for any prohibited or unlawful factor.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (At-Will Employment)

13.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff was an at-will employee, pursuant to California Labor Code section 2922.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Employment Would Have Ceased)

14.    Any recovery on Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred, in whole or in part, because, assuming *arguendo* Plaintiff's employment was terminated, Plaintiff's employment would have ceased.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Exercise of Reasonable Care)

15. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendants exercised reasonable care to prevent and correct promptly any alleged discriminatory or retaliatory behavior.

4

**DEFENDANTS THERMO FISHER SCIENTIFIC INC. AND ADRIAN MOORES' ANSWER TO PLAINTIFF HEIDI BRUNELL'S UNVERIFIED COMPLAINT**

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Managerial Immunity)

16. Any injuries Plaintiff allegedly sustained as a result of any action by a management employee of Defendants is barred by the doctrine of managerial immunity.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees and Costs)

17. Defendants have engaged attorneys to represent it in defense of Plaintiff's frivolous, unfounded, and unreasonable action. Defendants is thereby entitled to an award of reasonable attorneys' fees and costs pursuant to Government Code section 12965, upon judgment in its favor.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

18. As a separate and affirmative defense, Defendants alleges that Defendants presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendants reserves the right to assert additional defenses in the event discovery indicates they would be appropriate.

///
///
///
///
///
///
///
///
///
///
///
///
///

**DEFENDANTS THERMO FISHER SCIENTIFIC INC. AND ADRIAN MOORES' ANSWER TO PLAINTIFF HEIDI BRUNELL'S UNVERIFIED COMPLAINT**

## PRAYER FOR RELIEF

WHEREFORE, Defendants prays for judgment as follows:

1.    That Plaintiff take nothing by her Complaint;

2.    That the Complaint be dismissed in its entirety with prejudice;

3.    That Plaintiff be denied each and every Complaint and prayer for relief contained in the Complaint;

4.    That judgment be entered for Defendants and against Plaintiff;

5.    For costs of suit incurred herein, including reasonable attorney's fees pursuant to California Government Code section 12965; and

6.    For such other and further relief as the Court may deem just and proper.

DATED:  May 2, 2025                    JACKSON LEWIS P.C.

By: _____
Heather B. Dillion, Esq.
Gabriella S. Han, Esq.
Attorneys for Defendants
THERMO FISHER SCIENTIFIC INC, ADRIAN MOORES

6

**DEFENDANTS THERMO FISHER SCIENTIFIC INC. AND ADRIAN MOORES' ANSWER TO PLAINTIFF HEIDI BRUNELL'S UNVERIFIED COMPLAINT**

**PROOF OF SERVICE**

**SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF <u>SAN DIEGO</u>**

**CASE NAME:**      <u>**BRUNELL v THERMO FISHER, ET AL.**</u>

**CASE NUMBER:**    **25CU011824C**

    I am employed in the County of San Diego, State of California.  I am over the age of 18 and not a party to the within action; my business address is 225 Broadway, Suite 1800, San Diego, California 92101.

On **May 2, 2025**, I served the foregoing document described as **DEFENDANTS THERMO FISHER SCIENTIFIC INC. AND ADRIAN MOORES' ANSWER TO PLAINTIFF HEIDI BRUNELL'S UNVERIFIED COMPLAINT** on the interested parties in this action addressed as follows:

| | |
|---|---|
| Jon Y. Vanderpool, Esq.<br>Dyland Griffith, Esq.<br>Vanderpool Griffith LLP<br>401 B. Street, Suite 2000<br>San Diego, CA 92101<br>T 619-952-0855 | Attorneys for Plaintiff(s)<br>jon@vgfirm.com<br>dyland@vgfirm.com<br>ediaz@vgfirm.com |

**[X]    BY E-MAIL / ELECTRONIC TRANSMISSION**

    I caused the document(s) described above to be sent from e-mail address Susan.Najjar@jacksonlewis.com to the persons at the e-mail address listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[X]    STATE**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on **May 2, 2025**, at San Diego, California.

_____
Susan Najjar
Susan.Najjar@jacksonlewis.com

4925-3933-2410, v. 1

7

**DEFENDANTS THERMO FISHER SCIENTIFIC INC. AND ADRIAN MOORES' ANSWER TO PLAINTIFF HEIDI BRUNELL'S UNVERIFIED COMPLAINT**