UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEIDI BRUNELL, an individual,<br><br>  Plaintiff,<br><br>v.<br><br>THERMO FISHER SCIENTIFIC INC.; ADRIAN MOORES, an individual; and DOES 1 through 10, inclusive,<br><br>  Defendants. | Case No.: 25-CV-1125 JLS (DEB)<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>(ECF No. 9) |

Presently before the Court are Plaintiff Heidi Brunell's Motion to Remand to State Court ("Mot.," ECF No. 9) and Memorandum of Points and Authorities ("Mem.," ECF No. 9-1) in support thereof. Defendants Thermo Fischer Scientific Inc. and Adrian Moores (collectively "Defendants") filed an Opposition ("Opp'n," ECF No. 16), to which Plaintiff filed a Reply ("Reply," ECF No. 17). Pursuant to Civil Local Rule 7.1(d)(1), the Court took this matter under submission without oral argument. ECF No. 18. Having considered the Parties' briefing, Defendants' Notice of Removal ("NOR," ECF No. 1), Plaintiff's Complaint ("Compl.," ECF No. 1-4), and the law, the Court **DENIES** Plaintiff's Motion to Remand.

## BACKGROUND

In 2008, Plaintiff Heidi Brunell, a Los Angeles resident, began working for Defendant Thermo Fisher Scientific Inc. ("TMO")—a Massachusetts-based life, science,

and clinical research company—in TMO's San Diego office. Compl. ¶¶ 1, 2, 7. After TMO began restructuring its business in 2022, Plaintiff was reassigned to report to Defendant Moores. *Id.* ¶ 8. She alleges that between August 1, 2022, and October 25, 2023, she made repeated complaints to Moores' superior and to HR representatives, both in writing and through multiple conversations, that Moores was discriminating against her based upon sex, age, and/or other protected classifications. *Id.* ¶ 9. Per Plaintiff, by March 2024, she became the target of Moores' retaliation for her prior discrimination complaints against him, receiving an unjustified "Requires Improvement" review which was then used to disqualify her from bonus compensation, salary increases, and promotional opportunities. *Id.* ¶ 23. By October of 2024, Plaintiff alleges she was "left no choice but to resign," due to "[t]he cumulative effect of Moores' discriminatory and retaliatory actions, and TMO's failure to remedy them." *Id.* ¶ 40.

Plaintiff filed a Complaint in the Superior Court of California for the County of San Diego on March 6, 2025, alleging: (1) age discrimination pursuant to California Government Code § 12940, *et seq*. against Defendant TMO; (2) workplace environment harassment pursuant to California Government Code §§ 12923, 12940(j) against Defendant Moores, individually; (3) failure to prevent harassment, discrimination or retaliation pursuant to California Government Code § 12940(k) against Defendant TMO; (4) retaliation in violation of California Government Code § 12940(h) against Defendant TMO; and (5) wrongful, constructive termination in violation of public policy against Defendant TMO. *See generally* Compl. On May 2, 2025, Defendant removed the case to this Court based on diversity jurisdiction. *See* NOR ¶ 14 (citing 28 U.S.C. §§ 1332(a)(1), 1441). Plaintiff filed the instant Motion to Remand on May 29, 2025. *See* Mot.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the

suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

In attempting to invoke this Court's diversity jurisdiction, a defendant must plausibly allege that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332; *see also Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021). To establish citizenship for diversity purposes, a person must be a citizen of the United States and be domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the place they reside with the intent to remain or to which they intend to return. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c). "Under the 'nerve center' test, a corporation's principal place of business 'should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination[.]'" *3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018) (citation omitted).

The party invoking the removal statute bears the burden of establishing that federal subject-matter jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Moreover, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988)); *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

## ANALYSIS

Plaintiff argues this case should be remanded because "California courts may properly exercise specific personal jurisdiction over [TMO] based on its purposeful and sustained business activities in the state." Mem. at 1. Defendants respond by

acknowledging that TMO "is subject to personal jurisdiction in California," but argue this fact does not affect the suitability of removal here. Opp'n at 1. Rather, Defendants contend this action was properly removed based on diversity of citizenship. *Id.* at 2.

Defendants are correct. District courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000, and the parties are citizens of different states, and in which citizens or subjects of a foreign state are additional parties. 28 U.S.C. § 1332(a)(3). Defendants' Notice of Removal establishes that diversity of citizenship exists between all parties here.

As indicated above, for purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). "Under the 'nerve center' test, a corporation's principal place of business 'should normally be the place where the corporation maintains its headquarters[.]'" *3123 SMB LLC*, 880 F.3d at 465 (citation omitted). According to the Notice of Removal, TMO is incorporated in Delaware, with its headquarters located in in Massachusetts. NOR ¶¶ 21, 22; *see also* Declaration of TMO Senior Manager Halie Thompson in Support of Defendants' Notice of Removal ("Thompson Decl.," ECF No. 1-2) ¶ 2. Thus, TMO is a citizen of Delaware and Massachusetts.

For diversity purposes, citizenship of an individual is determined by a person's domicile. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter*, 265 F.3d at 857. While residence and citizenship are not the same, a person's place of residence is prima facie evidence of their citizenship. *Lew*, 797 F.2d at 751 (holding allegation of residency created a presumption of continuing residence in state and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise). Per the Complaint, Plaintiff is a "Los Angeles County resident" and Defendant Adrian Moores resides in Ontario, Canada. Compl. ¶¶ 1, 3.

In sum, Plaintiff is a citizen of California, TMO is a citizen of Delaware and

Massachusetts, and Adrian Moores is a citizen of Ontario, Canada, and therefore, complete diversity of citizenship between the parties exists within the meaning of 28 U.S.C. §1332(a)(3).[1]

In an attempt to resist this conclusion, Plaintiff shifts course slightly in her Reply and argues "TMO effectively operates as a citizen of California for jurisdictional purposes." Reply at 1. To the extent Plaintiff's Reply means to suggest California—not Massachusetts—is the "nerve center" and thus should be considered TMO's principal place of business, the Court is unconvinced. Plaintiff does not dispute Defendants' Declaration that TMO is headquartered in Massachusetts and the "[p]rimary administrative functions and executive functions for [TMO] operate" out of those headquarters. *See* Thompson Decl. ¶ 2. While Plaintiff attests to TMO's "significant presence" in California in her Declaration Supporting her Motion to Remand, *see* ECF No. 9-3 ("Brunell Decl."), she does not provide any evidence or argument that TMO's Massachusetts headquarters is not the "actual center of direction, control, and coordination," *Hertz Corp. v. Friend,* 559 U.S. 77, 93 (2010), much less that California is such a center. The Court is thus unpersuaded that TMO is a citizen of California for the purposes of diversity jurisdiction. *See id.* at 81 (explaining a corporation's "'nerve center' will typically be found at a corporation's headquarters").

/ / /

/ / /

/ / /

/ / /

---

[1] Plaintiff's Reply indicates dismissal of Defendant Moores from this action is forthcoming, following "consummation of signed writing confirming terms" between the Parties. Reply at 3. For the purposes of this Motion, the Court treats Moores as a still-existing defendant in the case. However, the Court notes that diversity jurisdiction exists here with or without the inclusion of Moores as a defendant. *See* 28 U.S.C. §1332(a)(1). The only other defendants named in the Complaint are fictitious parties identified as "Does 1 through 20," whose citizenship shall be disregarded for purposes of removal. *See* 28 U.S.C. § 1441(b)(1).

Accordingly, as the Court finds diversity jurisdiction exists over this action, the Court **DENIES** Plaintiff's Motion to Remand (ECF No. 9).[2]

**IT IS SO ORDERED.**

Dated: August 11, 2025

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

---

[2] Plaintiff does not dispute the amount in controversy exceeds $75,000, and the Court is independently satisfied Defendants have made such a showing in their Notice of Removal.