UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEIDI BRUNELL, an individual,<br><br>                    Plaintiff,<br><br>v.<br><br>THERMO FISHER SCIENTIFIC INC.; ADRIAN MOORES, an individual; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No.: 25-CV-1125 JLS (DEB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>(ECF No. 23) |

      Presently before the Court is Plaintiff Heidi Brunell's Motion for Leave to Amend Complaint ("Mot." ECF No. 23). Also before the Court is Defendants Thermo Fisher Scientific Inc.'s and Adrian Moores's Opposition to Plaintiff's Motion for Leave ("Opp'n," ECF No. 29) and Plaintiff's Reply to Opposition to Motion for Leave to Amend Complaint ("Reply," ECF No. 35). Plaintiff seeks to amend the Complaint ("Compl.," ECF No. 1) in light of evidence disclosed by Defendants after the deadlines for initial disclosures and amending pleadings. Mot. at 2. For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion (ECF No. 23).

## LEGAL STANDARD

      Motions to amend are governed by Federal Rule of Civil Procedure 15, which, as relevant here, provides that a party may amend its pleading once as a matter of course within twenty-one days of service of a motion under Rule 12(b) but otherwise must obtain

either leave of the court or the written consent of the adverse party in order to amend.[1] Fed. R. Civ. P. 15(a); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citing Fed. R. Civ. P. 15(a)).

The general policy provided by Rule 15(a)(2) that the court should freely give leave "when justice so requires" is "to be applied with extreme liberality." *Eminence Capital, LLC*, 316 F.3d at 1051 (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). Accordingly, leave should be "freely given" absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Yakama Indian Nation v. State of Wash. Dept. of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999) ("Amendment under the Federal Rules of Civil Procedure should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay.") (internal quotation omitted). Of these factors, prejudice is the most important. *Eminence Capital, LLC*, 316 F.3d at 1052. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

In deciding whether to grant leave to amend, a trial court "should be guided by the underlying purpose of Rule 15(a) . . . to facilitate decisions on the merits, rather than on technicalities or pleadings." *James v. Pliler*, 269 F.3d 1124, 1126 (9th Cir. 2001) (citing *United States v. Webb*, 655 F.2d 977, 979–80 (9th Cir. 1981)). Absent prejudice or a strong showing of the other *Foman* factors, there is a presumption in favor of granting leave to amend. *Eminence Capital, LLC*, 316 F.3d at 1052 (internal citation omitted).

/ / /

/ / /

---

[1] Here, Plaintiff has not exercised her right to amend as a matter of course; however, Plaintiff filed her Motion after the cut-off for amending pleadings pursuant to the Scheduling Order (ECF No. 15) in this case. *See generally* Docket. Accordingly, consent to amend is required.

## ANALYSIS

Plaintiff seeks to amend the Complaint to add claims for: (1) national origin as a protected basis for discrimination, (2) failure to provide equal pay under Cal. Lab. Code § 1197.5, and (3) non-compliance with Cal Lab. Code §1198.5. Mot. at 1. Plaintiff asserts that leave to amend is warranted under Federal Rule of Civil Procedure 15(a) because Defendants failed to comply with their discovery obligations under Rule 26(a)(1)(A)(ii). Mot. at 2. Specifically, Defendants failed to produce "key evidence," including an arbitration agreement and emails "bearing upon Plaintiff's burden to prove discriminatory motive and statutory violations under Labor Code §§ 1198.5 and 1197.5," ECF No. 23-1 ("Mem.") at 4, before the deadlines for initial disclosures and to amend pleadings on July 8, 2025, and July 17, 2025, respectively, had passed, Mot. at 1–2. Defendants assert that the Court should deny leave to amend due to Plaintiff's own undue delay and that amendment is futile. Opp'n at 1.

To determine whether Plaintiff's Motion should be granted, the Court now considers each of the five *Foman* factors in turn.

### I. Prejudice

Plaintiff contends that granting leave to amend would not prejudice Defendants because discovery is at an early stage, a trial date has not been set, and Defendants have not agreed to engage in substantive discovery. Mem. at 3. Rather than argue that they would suffer prejudice from amendment, Defendants instead argue that Plaintiff has not suffered prejudice since she "received her acknowledgement of the arbitration agreement prior to litigation, received the complete agreement prior to resolution of the appropriate forum for this matter, and has self-admittedly suffered no prejudice due to any purported delay." Opp'n at 6.

However, the proper focus is prejudice to Defendants "by virtue of allowance of amendment," not prejudice to Plaintiff. *See Foman*, 371 U.S. at 182. "In considering the potential prejudice of the amendment, the Court considers whether the amended complaint would 'greatly change the parties' positions in the action, and require the assertion of new

defenses.'" *Kohler v. Flava Enterprises, Inc.*, No. 10-CV-730-IEG NLS, 2011 WL 666899, at *2 (S.D. Cal. Feb. 17, 2011) (quoting *Phoenix Solutions, Inc. v. Sony Elec., Inc.*, 637 F. Supp. 2d 683, 690 (N.D. Cal. 2009)). Relevant considerations include, for example, whether the proposed amendment adds additional claims or defenses, *see id.*; whether the proposed amendment is being sought after the cutoff date for such motions, *see Dep't of Fair Emp. & Hous. v. L. Sch. Admission Council, Inc.*, No. C-12-1830 EMC, 2013 WL 485830, at *5 (N.D. Cal. Feb. 6, 2013) (citations omitted); and whether discovery already has closed or will imminently close, *see id.* (citations omitted).

Defendants advance no such arguments here. *See generally* Opp'n. Although Plaintiff's proposed amended complaint adds additional claims, as the Parties have stated, the case is in its infancy and discovery is ongoing. Because Defendants have not identified any prejudice they would suffer as a result of amendment, the Court finds that Defendants have failed to show that this factor weighs in favor of denying Plaintiff's Motion. *DCD Programs, Ltd.*, 833 F.2d at 187.

**II.   Undue Delay**

Plaintiff contends that she has acted with reasonable diligence and without undue delay since Defendants did not make disclosures of the evidence serving as the basis for her new claims until July 30, 2025, weeks after the deadline for initial disclosures on July 8, 2025. Mem. at 2–3. Defendants respond that any delay is Plaintiff's own, contending that Plaintiff has not explained why the newly asserted claims were not included in her initial Complaint. Opp'n at 5. Defendants also argue that Plaintiff has not identified the documents later produced by Defendants that support her new claims. *Id.*

The Court finds Defendants have not demonstrated that Plaintiff unduly delayed in seeking leave to amend. Defendants acknowledges that the case is at an early stage. *See* Opp'n at 4–5. And Plaintiff timely filed her Motion on August 27, 2025, following Defendants' disclosures on July 30, 2025, serving as the basis for amendment, and the Parties' communications about Plaintiff's proposed new claims on August 8 and August 10, 2025. *See* Mem. at 2. The Court is also mindful of the Ninth Circuit's liberal policy

in favor of granting leave to amend. Accordingly, the Court finds that Plaintiff has not unduly delayed in seeking leave to amend.[2]

### III. Remaining *Foman* Factors

Defendants do not argue in their Opposition that Plaintiff has acted in bad faith, nor does the Court believe there is any indication of bad faith on the record before it. *See generally* Opp'n. Defendants do argue, however, that amendment would be futile because "[t]he records attached to [Plaintiff's] counsel's declaration do not support the conclusions Plaintiff has inserted into the draft amended complaint," and that "Plaintiff's claims properly belong in arbitration." *Id.* at 5–6. Additionally, Defendants argue that Plaintiff failed to engage in "good-faith meet and confer efforts." *Id.* at 2–3.

Defendants' arguments are unpersuasive. First, while at the same time asserting that Plaintiff does not explain the validity of her new claims, Defendants fail to explain why the claims are indeed futile. *See* Opp'n at 6. Furthermore, since filing their Opposition, Defendants have withdrawn their Motion to Compel Arbitration and Stay Action. *See* ECF Nos. 36, 37. Second, any alleged failure to engage in "good-faith" meet and confer efforts is not a basis for denying leave to amend, particularly here where there is no indication that Plaintiff has acted in bad faith.

Absent a showing of any *Foman* factors, there is a presumption in favor of granting leave to amend under Rule 15(a). *Eminence Capital, LLC*, 316 F.3d at 1052. Because the *Foman* factors do not weigh against granting leave to amend, the Court finds that granting Plaintiff leave to amend the Complaint is appropriate.

///
///
///
///

---

[2] Even had Plaintiff unduly delayed, however, undue delay alone does not warrant denial of Plaintiff's Motion. *Owens*, 244 F.3d at 713 (citing *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999)) (explaining that undue delay is insufficient absent other factors).

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's Motion (ECF No. 23). Plaintiff **SHALL FILE AND SERVE** an amended complaint within three (3) days of the date on which this Order is electronically docketed.

**IT IS SO ORDERED.**

Dated: November 3, 2025

Hon. Janis L. Sammartino
United States District Judge